1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KASIMAH DARICE EL-AMIN,

11              Plaintiff,                    No. CIV S-06-0226 DFL JFM P

12        vs.

13   SOLANO COUNTY JAIL, et al.,

14              Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.   On January 16, 2007, defendants filed a motion to compel plaintiff's

18   deposition and responses to interrogatories pursuant to Federal Rule of Civil Procedure 37.   On

19   September 7, 2006, the court advised plaintiff of the requirements for opposing a motion

20   concerning discovery.  (Order filed September 7, 2006, at 3.)  In that same order, plaintiff was

21   advised of the requirements for filing an opposition to the pending motion and that failure to

22   oppose such a motion might be deemed a waiver of opposition to the motion.  (<u>Id</u>.)

23              On February 23, 2007, plaintiff was ordered to file an opposition or a statement of

24   non-opposition to the pending motion within thirty days.  In the same order, plaintiff was

25   informed that failure to file an opposition would result in a recommendation that this action be

26   /////

1

1  dismissed pursuant to Fed. R. Civ. P. 41(b).  The thirty day period has now expired and plaintiff

2  has not responded to the court's order.

3      "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

4  an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

5  1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992).  "In determining whether to dismiss a case for

6  failure to comply with a court order the district court must weigh five factors including:  '(1) the

7  public's interest in expeditious resolution of litigation;  (2) the court's need to manage its docket;

8  (3) the risk of prejudice to the defendants;  (4) the public policy favoring disposition of cases on

9  their merits;  and (5) the availability of less drastic alternatives.'"  Ferdik, at 1260-61 (quoting

10  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46

11  F.3d 52, 53 (9th Cir. 1995).

12     In determining to recommend that this action be dismissed, the court has

13  considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly

14  support dismissal of this action.  In particular, plaintiff's failure to comply with the Local Rules

15  and the court's February 23, 2007 order suggests that she has abandoned this action and that

16  further time spent by the court thereon will consume scarce judicial resources in addressing

17  litigation which plaintiff demonstrates no intention to pursue.

18     The fifth factor also favors dismissal.  The court has advised plaintiff of the

19  requirements under the Local Rules and granted ample additional time to oppose the pending

20  motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

21     Under the circumstances of this case, the third factor, prejudice to defendants

22  from plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to

23  oppose the motion does not put defendants at any disadvantage in this action.  See Ferdik, at

24  1262.  Indeed, defendants would only be "disadvantaged" by a decision by the court to continue

25  an action plaintiff has abandoned.  The fourth factor, public policy favoring disposition of cases

26  on their merits, weighs against dismissal of this action as a sanction.  However, for the reasons

set forth <u>supra</u>, the first, second, and fifth factors strongly support dismissal and the third factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.  <u>See</u> <u>Ferdik</u>, at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 6, 2007.

UNITED STATES MAGISTRATE JUDGE

elam0226.46fr